**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANNY FORTUNA,** | : | **CIVIL ACTION NO. 3:23-mc-143** |
| **Plaintiff,** | : | |
| **v.** | : | **(JUDGE MANNION)** |
| | : | |
| **JPMORGAN CHASE BANK, N.A.,** | | |
| **et al.,** | : | |
| **Defendants.** | : | |

### MEMORANDUM

Presently before the court is Defendant JPMorgan Chase Bank, N.A.'s motion to dismiss, (Doc. 3), of Plaintiff Danny Fortuna's miscellaneous document titled "Registered Notice of Stipulations of Surety/Subrogee," (Doc. 1, p. 1), which allegedly "[R]egister[s]" certain "Notice[s]" and "Stipulations" concerning the extent of Plaintiff's liability to certain bank "Accounts." Defendant moves to dismiss this count based on Plaintiff's failure to state a claim upon which relief may be granted. For the reasons discussed below, the court will **GRANT** Defendant's motion and dismiss with prejudice.

## I.   BACKGROUND

The background of this case is taken from the factual allegations set forth in Plaintiff's miscellaneous document, (Doc. 1), which the court must

accept as true on motion to dismiss, as well as the matters of public record relevant to this case.[1]

On December 10, 2019, Defendant filed a complaint in the Superior Court of New Jersey, Law Division, Passaic County, against Plaintiff,[2] Dr. Produce Realty Limited Liability Company and Dr. Produce, LLC to enforce Defendant's rights under two defaulted promissory notes, commercial guarantees and a security agreement. *See generally JPMorgan Chase Bank, N.A. v. Dr. Produce Realty Limited Liability Company, et al.*, Docket No. MER-L-002353-19 (N.J. Super. Ct. Law Div., Dec. 10, 2019) (hereinafter, "*Dr. Produce Realty I*"). The *Dr. Produce Realty I* complaint alleged that the Plaintiff had "personally and unconditionally guaranteed" Dr. Produce Realty Limited Liability Company's obligations to Defendant under two promissory notes (collectively, the "Promissory Notes," each a "Promissory Note"). *Id.* at 3-4.  The first Promissory Note "evidence[d] a loan in the principal amount of $1,142,915.00, with interest accruing on the unpaid

---

[1] "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus.*, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure §1357, at 299 (2d ed.1990)).

[2] Plaintiff's name at the time of the commencement of the *Dr. Produce Realty I* and *Dr. Produce Realty II* actions was Dario D. Fortuna, which was later changed to Danny Fortuna on or around May 7, 2021. (*See* Doc. 1, p. 15).

principal at the fixed rate of 5.150% … on a maturity date of February 2, 2025;" and the second Promissory Note "evidence[d] a loan in principal amount of $914,332.00 [ ], with interest accruing at a variable rate of 5.098%[3] … on a maturity date of February 2, 2016." *Id.* at 2-3. The *Dr. Produce Realty I* complaint further sought judgment for damages, including the balance due on the Promissory Notes' "principal, interest, default interest, late charges, prepayment premiums, attorney fees and costs," and injunctive relief to take the agreed upon "Collateral" for possession and liquidation for the purpose of satisfying the obligations owed to Defendant. *Id.* at 4-5.

On March 3, 2020, Defendant filed a Foreclosure Complaint in the Superior Court of New Jersey, Chancery Division, Passaic County, against Plaintiff,[4] Dr. Produce Realty Limited Liability Company, Dr. Produce, LLC, Mukesh Patel, Dilip Patel and State of New Jersey, to enforce its rights to foreclose on two commercial mortgages securing the Promissory Notes. *See generally JPMorgan Chase Bank, N.A. v. Dr. Produce Realty Limited Liability Company, et al.*, Docket No. F-003753-20 (N.J. Super. Ct. Ch. Div., Mar. 3, 2020) (hereinafter, "*Dr. Produce Realty II*"). The mortgaged properties were located in the city of Paterson, County of Passaic, New Jersey. *Id.* at 4. The

---

[3] Over the LIBOR Rate.
[4] *See supra*, note 2.

*Dr. Produce Realty II* complaint sought, among other things, to "[a]djudg[e] that the Mortgage Property be sold according to law to satisfy the amount due to [Defendant]" and that Defendant "recover possession of Mortgaged property." *Id.* at 7.

On September 1, 2020, and September 2, 2020, the parties – including both the Plaintiff and Defendant – consented to entries of judgment in favor of Defendant in both aforementioned New Jersey division actions. *See, Dr. Produce Realty I* (Sept. 1, 2020); *Dr. Produce Realty II* (Sept. 2, 2020). A final judgment was entered in the total sum of $1,905,256.63, with a writ of replevin to take possession of the agreed upon collateral, both in favor of Defendant and against, among others, Plaintiff. *Id.* Thereafter, on November 30, 2022, the judgment in favor of Defendant and against Plaintiff was deemed satisfied with a warrant of satisfaction entered in both New Jersey division actions. *See, Dr. Produce Realty I* (Nov. 30, 2022); *Dr. Produce Realty II* (Nov. 30, 2022).

On February 14, 2023, Plaintiff filed a miscellaneous document titled "Registered Notice of Stipulations of Surety/Subrogee," (Doc. 1, p. 1), which allegedly "[R]egister[s]" certain "Notice[s]" and "Stipulations" concerning the extent of Plaintiff's liability to certain "Accounts." Specifically, the document begins with a "Registered Notice of Stipulations of Surety/Subrogee," where

- 4 -

Plaintiff places the state of Arizona, its governor, the state of New Jersey, its governor, the state of New York, its governor, the state of Pennsylvania, its governor, the United States, the Social Security Administration and "its departments at large" on notice of certain annexed documents, including the Plaintiff's identification documents, payoff letters by Defendant's bank (JPMorgan Chase) requesting payments on certain bank accounts (ending in -5001 and -5008), and certain payment activities paying off those accounts in full by November 2, 2022. (*See* Doc. 1, pp. 1-25). These final payments of the bank accounts coincide with the satisfaction of the judgment entered against Plaintiff for the previously defaulted loans he personally guaranteed. *See supra*, p. 4. The above is generally repeated by Plaintiff in his "Second Registered Notice of Stipulations of Surety/Subrogee." (Doc. 1, pp. 28-54).

Furthermore, Plaintiff asserts that an equitable suretyship has been created by his payment on the accounts ending in -5001 and -5008 (relating to the Promissory Notes), that Defendant (who Plaintiff calls "Creditor") "shall immediately exonerate [Plaintiff] as secondarily liable of these Accounts," that Plaintiff be "fully release[d] from any and all liability" and that Plaintiff "be refunded immediately all monies paid to satisfy account liability." (Doc. 1, pp. 1-2, 29-30). The second notice differs from the first with the addition of an annexed document for an invoice, generated by Plaintiff, requesting from

Defendant an "Account Reimbursement" of the accounts ending in -5001 and -5008 for a total of $2,069,631.11.

Defendant files a motion to dismiss the miscellaneous document pursuant to Fed. R. of Civ. P. 12(b)(6) for failure to state a claim. (Doc. 3). Plaintiff filed a response where he stated that "[t]he Miscellaneous Document, however, is not a complaint but a notice, intended to inform the court and the opposing party about stipulations and pertinent matters," that it "was solely to create an official record, not to cause controversy." (Doc. 5, p. 1-2). Plaintiff also asserted that the "Miscellaneous Document addresses distinct concerns, such as stipulations, surety/subrogee matters, and potential defaults, separate from those previously addressed in the [previous] Lawsuit and Foreclosure" between the parties. (Doc. 5, p. 2). Defendant replied, *inter alia*, that a final judgment was entered and satisfied in the previous suit and that Plaintiff's stated reasons for this action are inappropriate in this proceeding and such "[s]tipulations, surety/subrogee matters and potential defaults are inapplicable to this matter." (Doc. 7).

Moreover, Plaintiff filed a motion for summary judgment given Defendant's allegedly "repeated failure to provide a substantial or timely response to [his] notices demonstrate[ing] acquiescence to the matters raised therein, in accordance with the principle that silence equates to

acceptance." (Doc. 6) Defendant opposed such motion arguing that "there is no pending complaint, cause of action or claim that would support entry of judgment against [Defendant] in this matter." (Doc. 10, p. 4).

## II.   <u>LEGAL STANDARD</u>

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is meant to ensure that defendants are given "'fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 at 556). The complaint, therefore, does not require detailed factual allegations, but the claimant is required to provide "more than labels and conclusions" or "a formulaic recitation of the elements" for the claims submitted. *Twombly*, 550 U.S. at 555; *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010). This plausibility standard "is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal citation omitted).

District courts conduct a three-part analysis in determining the sufficiency of a complaint on a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth. Third, 'whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Id.* (alterations in original) (citations omitted) (quoting *Iqbal*, 556 U.S. at 664, 675, 679). As part of this inquiry, "the court must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). When considering a motion to dismiss a *pro*

*se* plaintiff's complaint, the court reads the complaint more liberally relative to one drafted by an attorney. *See Alston v. Parker*, 363 F.3d 229, 233-34 (3d Cir. 2004). "Courts are to construe complaints so as to do substantial justice ... keeping in mind that *pro se* complaints in particular should be construed liberally." *Id.* (internal quotation marks and citations omitted). While *pro se* complaints "must be held to 'less stringent standards than formal pleadings drafted by lawyers,'" *Haines v. Kerner*, 404 U.S. 519 (1972), they must still adhere to the Federal Rules of Civil Procedure and contain "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). However, the court need not accept "unsupported conclusions and unwarranted inferences," nor "legal conclusion[s] couched as ... factual allegation[s]." *Castleberry v. STI Grp.*, 863 F.3d 259 (3d Cir. 2017) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

The court should generally grant leave to amend a pleading before dismissing it as merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). However, dismissal without leave to

amend is justified on the grounds of bad faith, undue delay, prejudice, or futility. *Alston*, 363 F.3d at 236. "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

Finally, in making a Rule 12(b)(6) determination, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007); *see also Pension Benefit Guar. Corp.*, 998 F.2d at 1196. The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite

factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the mere level speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these legal guideposts, this "complaint"[5] is fatally flawed in a number of respects, as set forth below, and is dismissed with prejudice given the futility of allowing further amendments thereto.

## III. <u>DISCUSSION</u>

### A. The Complaint Violates Rule 8.

At the outset, dismissal of this complaint is warranted because the complaint plainly fails to comply with Rule 8's basic injunction that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is well settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." *Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible," *id.*, or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible," *Stephanatos*

---

[5] Which the Plaintiff himself admits it's not. (Doc. 5, p. 1-2).

*v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007), both of which are the case here, an order dismissing a complaint under Rule 8 is clearly appropriate. *See, e.g., Mincy v. Klem*, 303 F. App'x 106 (3d Cir. 2008); *Rhett v. New Jersey State Superior Court*, 260 F. App'x 513 (3d Cir. 2008); *Stephanatos*, 236 F. App'x 785; Scibelli, 219 F. App'x 221; *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 450 n. 1 (5th Cir. 2005).

Dismissal under Rule 8 is also proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" *Binsack v. Lackawanna County Prison*, 438 F. App'x 158 (3d Cir. 2011), or when the complaint, as the one here, is so "rambling and unclear" as to defy response. *Tillio v. Spiess*, 441 F.App'x 109 (3d Cir. 2011). Similarly, dismissal is appropriate in "those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted)); *Tillio v. Northland Grp. Inc.*, 456 F. App'x 78, 79 (3d Cir. 2012). Further, a complaint may be dismissed under Rule 8 when the pleading is simply illegible and cannot be understood. *See, e.g., Moss v. United States*, 329 F. App'x 335 (3d Cir. 2009) (dismissing illegible complaint); *Radin v. Jersey City Medical Center*, 375 F. App'x 205 (3d Cir.

2010); *Earnest v. Ling*, 140 F. App'x 431 (3d Cir. 2005) (dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); *Oneal v. U.S. Fed. Prob.*, CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006) (dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); *Gearhart v. City of Philadelphia Police*, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) (dismissing illegible complaint).

These principles are applicable here and compel the dismissal of this complaint. The cryptic nature of the complaint coupled with its failure to contain a coherent narrative setting forth well-pleaded facts leaves "defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack*, 438 F. App'x 158. Allowing this miscellaneous document to proceed as a complaint would leave the Defendant, as it correctly argues, in the unenviable position of being "unable to respond to [Plaintiff's] miscellaneous filing [that] … does not allege a claim; … does not identify the parties; and … employs terminology that bears no relation to the previous loan transaction between [Defendant], as lender, and [Plaintiff] as

guarantor, of two commercial loans." (Doc. 3-1, p. 6).[6] Therefore, Rule 8 compels dismissal of the complaint in its entirety.

### B. Dismissal is appropriate under Rule 12(b)(6).

Likewise, Plaintiff's barely cognizable "claim" of an "Equitable Suretyship" does not survive a motion to dismiss because it rests upon mere conclusory statements and no factual allegations.[7] The miscellaneous document is largely (if not entirely) devoid of well-pleaded facts describing the nature of this suretyship or how it arose.

The court "must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Bruni*, 824 F.3d at 360. This construction is to be made even more liberally relative to one drafted by an attorney with a *pro se* plaintiff's complaint, as here.[8] *See Alston*, 363 F.3d at 233-34. (3d Cir. 2004).

---

[6] Contrary to Plaintiff's arguments in its brief opposing the motion to dismiss (Doc. 5), Defendant's alleged "[r]epeated lack of response to correspondence" is **not** "interpreted as an acquiescence to the issues raised" but rather as Defendant's, and this court's, utter confusion as to what Plaintiff's miscellaneous document is driving at.

[7] The court does not agree that a claim of equitable suretyship even applies here.

[8] The court reviews this miscellaneous document as a complaint even though Plaintiff fatally asserts that it "is not a complaint but a notice, intended to inform the court and the opposing party about stipulations and pertinent

*(footnote continued on next page)*

However, the court need not accept "unsupported conclusions and unwarranted inferences," nor "legal conclusion[s] couched as ... factual allegation[s]." *Castleberry*, 863 F.3d at 259 (quoting *Morrow*, 719 F.3d at 165).

Here, the miscellaneous document does not outline any factual allegations or transactions, or any supporting law, supporting Plaintiff's conclusory assertion that an equitable suretyship exists upon which Defendant owes him payment. Rather, Plaintiff designates himself as a "Surety" and notifies various states that "this is an Equitable Suretyship for which Surety is entitled to require the following non-negotiable and irrevocable stipulations"[9] which "were violated, [and Defendant] shall immediately exonerate [Plaintiff] as secondarily liable of these Accounts, …fully release [Plaintiff] from any and all liability … [and] refund[] all monies

---

matters," that it "was solely to create an official record, not to cause controversy." (Doc. 5, p. 1-2). Plaintiff would be cautioned that this is not the proper venue for the federal court and that, in diversity cases before a federal court such as here, "[t]he Judicial Power shall extend to … *Controversies* … between Citizens of different States[.]" U.S. Const. Art. III. §2, Cl. 1. (emphasis added).

[9] This demonstrates a complete misunderstanding of a stipulation. "A stipulation is an *agreement* between the parties to treat certain facts or other matters as settled." *Commonwealth v. Perrin*, 291 A.3d 337 (Pa. 2023) (emphasis added).

paid to satisfy account liability." (Doc. 1, p. 3). The aforementioned is the best the court can make of an otherwise incomprehensible document.

Yet, despite Plaintiff's varied attempts to (inappropriately) employ legal terminology and this court's generous liberal construction, the filed miscellaneous document still fails to state a claim and cannot be reasonably read to form a basis for relief. Accordingly, it is to be dismissed under Rule 12(b)(6).

**C. Dismissal is with prejudice.**

The court recognizes that in civil rights cases, *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, *see Fletcher-Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. *Alston*, 363 F.3d at 235. In this case, though not even a civil rights case, affording Plaintiff another opportunity would be futile since any set of factual allegations Plaintiff may conjure up between himself and Defendant would unavoidably relate to, or arise out of, the commercial loan transactions between them, which has already been litigated in the New Jersey state courts and would effectively be barred by res judicata.

Collateral estoppel, or issue preclusion, bars the re-litigation of an issue identical to that addressed in a prior action. Res judicata, or claim preclusion, is broader in effect and "prohibits reexamination not only of matters actually decided in the prior case, but also those that the parties might have, but did not assert in that action." *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir.1993). Plaintiff's claim, while probably subject to both collateral estoppel and res judicata, falls more appropriately into the broader category of res judicata. A federal court's application of claim preclusion (or issue preclusion) based on a prior state court judgment is grounded in the "federal full faith and credit" statute which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. §1738; accord *Marrese v. Amer. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (observing that "[t]he preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute," which "directs a federal court to refer to the preclusion law of the State in which judgment was rendered[ ]"). Consequently, in determining whether any judgments previously rendered against Plaintiff in the state courts of New Jersey have preclusive effect in this action, we must consider

how New Jersey courts would apply the doctrines of claim preclusion and issue preclusion in the context of this case. *See Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006) (applying Pennsylvania law to determine the preclusive effect of a prior state court judgment) (*Lance v. Dennis*, 546 U.S. 459, 466 (2006)).

New Jersey's res judicata jurisprudence has three basic elements: (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one. *Watkins v. Resorts Int'l Hotel and Casino, Inc.*, 124 N.J. 398, 410, 591 A.2d 592 (1991) (noting that New Jersey and federal res judicata have same elements).[10]
Analyzing the elements described above, Plaintiff's suit – with whichever narrative Plaintiff decides on – would be clearly and unavoidably barred.

First, the previous actions in the New Jersey Superior Court (in both the Law and Chancery Divisions) resulted in a consented to order by both

---

[10] Res judicata under Third Circuit requires: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008); *see also Board of Trustees v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992); *Allen v. McCurry*, 499 U.S. 90, 94 (1980) ("a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

Plaintiff and Defendant, whereby the parties consented to entries of judgment in favor of Defendant. *See Dr. Produce Realty I* (Sept. 1, 2020); *Dr. Produce Realty II* (Sept. 2, 2020). A final judgment on the merits was entered in those prior suits for a money judgment in the amount of $1,905,256.63, with a writ of replevin to take possession of the agreed upon collateral, both in favor of Defendant and against, among others, Plaintiff. *Id.* Above that, such judgment was deemed satisfied with a warrant of satisfaction entered in both New Jersey division actions when the final payments towards those accounts were made. *See, Dr. Produce Realty I* (Nov. 30, 2022); *Dr. Produce Realty II* (Nov. 30, 2022); (Doc. 1, pp. 23, 25, 50, 52).

Second, there is identity of parties sufficient to bar relitigation of Plaintiff's claim. Res judicata applies when the same parties or their privities were involved in the prior suit. *Watkins*, 124 N.J. at 410; *see also In re Mullarkey*, 536 F.3d at 225. In other words, a party must have either been a participant in the prior adjudication or have been so intimately involved in that adjudication that it is fair and equitable to require that party to accept the earlier judgment. *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 797 (1996). Thus, whether the parties' positions were reversed across the "v." in the prior adjudication, as here, it does not affect those parties' participation

in such an adjudication nor their opportunity to raise claims and counter claims. *See Allen*, 499 U.S. at 94; *see also Zhang v. Southeastern Financial Group, Inc.*, 980 F.Supp. 787, 794 (E.D.Pa.1997) (res judicata "'will not be defeated by minor differences of form, parties or allegations' where the 'controlling issues have been resolved in a prior proceeding in which the present parties had an opportunity to appear and assert their rights.'") (citation omitted). Moreover, whether a party was a participant in a prior adjudication is a simple determination of looking up the parties and seeing if the names are the same. Thus, despite the Plaintiff's changed name since the commencement of the New Jersey actions,[11] he – as well as Defendant – very much remains the same party for the purposes of res judicata.

Third, the current (and potential if Plaintiff is given leave to amend) causes of actions grow out of the same transaction or occurrence as the claims in the earlier New Jersey ones. *Watkins*, 124 N.J. at 410.[12] In each

---

[11] *See supra*, notes 2 and 4.

[12] Even under the Third Circuit's transactional approach, Plaintiff's causes of actions would be considered the same because focusing, as the Third Circuit instructs, not on a mechanical application of the res judicata test but rather on its ultimate purpose of requiring a plaintiff to present all claims arising out of the same occurrence in a single suit, see *Board of Trustees*, 983 F.2d at 504, it is clear that Plaintiff's claim may not be pursued here, a second time, when previously given the opportunity. *See Davis v. United States Steel Supply, Etc.*, 688 F.2d 166, 174 (3d Cir.1982) (stating that purpose of res judicata is to preserve judicial resources, avoid repetitive

*(footnote continued on next page)*

case, whether the repayment of the commercial loans sought by Defendant in the previous New Jersey actions, or the limit of liability and equitable suretyship[13] sought from Plaintiff in this action,[14] the cause of each action grows out of the same commercial loan transactions between the parties. New Jersey applies the "entire controversy" doctrine which requires "the adjudication of a legal controversy in one litigation in only one court [whereby] all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." *Jackson v. Midland Funding LLC*, 2012 WL 505919, at *2 (3d Cir. 2012) (quoting *DiTrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995)). Thus, Plaintiff should have raised any further claims or defenses related to the commercial transactions with Defendant when he was before the New Jersey court. Barring Plaintiff upholds the purpose of the doctrine to promote fairness and efficiency by avoiding piecemeal decisions and litigation. *Ditrolio*, 662 A.2d at 502. Any claim that was not brought as part of the initial litigation may not be brought at a later time. *Id.* at 508. Accordingly,

---

litigation, and encourage parties to plead all grounds for relief in a single lawsuit).

[13] Again, the court does not agree that a claim of equitable suretyship even applies here.

[14] The court reaffirms its finding that the miscellaneous document is dismissible under Rule 12(b)(6) and for violating Rule 8.

the third element is met and res judicata would operate to bar this action. Plaintiff may not avail himself of a second bite at the apple in a different jurisdiction. *Rhodes v. Jones*, 351 F.2d 884, 887 (8th Cir. 1965) (a party cannot escape the operation of res judicata where he merely varies the basis of jurisdiction in a subsequent action).

Thus, given the unavoidable res judicata bar Plaintiff faces, granting him leave to amend would be futile and result in undue delay. Accordingly, this *pro se* complaint shall be dismissed with prejudice and the Plaintiff's motion for summary judgment shall be denied as moot.

## IV.   CONCLUSION

Based on the foregoing, the court will **GRANT** Defendant's motion to dismiss (Doc. 3) and **DENY** Plaintiff's motion for summary judgment as moot. An appropriate order follows.



*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 25, 2024**
23-143-01

- 22 -